# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ALDOREN KAUZLARICH, | No. 57684-8-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| OFFICE OF THE WASHINGTON STATE DEPARTMENT OF ECOLOGY, | |
| Respondent. | |

MAXA, J. – Aldoren Kauzlarich appeals the Pollution Control Hearings Board's (PCHB's) summary judgment decision affirming the issuance of an administrative order (AO) from the Department of Ecology (Ecology) to decommission a well he constructed. It is undisputed that the well does not meet the required minimum construction standards and constitutes an environmental and public health hazard.

Ecology ordered Kauzlarich's well be decommissioned after learning that it was not built to the proper specifications. Ecology determined that the well was an environmental, health, and safety hazard, and that it must be decommissioned. Kauzlarich appealed the AO requiring him to decommission his well to the PCHB.

Before the PCHB, Ecology filed a summary judgment motion. Ecology relied on a declaration from John Pearch, a well construction coordinator at Ecology and licensed hydrogeologist, among other evidence. Kauzlarich submitted his own declaration that presented

hearsay statements from a well driller, who claimed that it was possible to repair the well. The PCHB granted summary judgment in favor of Ecology and upheld the AO.

Kauzlarich appealed the PCHB's decision to the trial court. Nearly three years after filing the appeal, Kauzlarich submitted a declaration from Christian Bland, a licensed well driller. Bland claimed that decommissioning Kauzlarich's well was unnecessary, and that he would be able to repair the well. Kauzlarich filed a motion to remand the case to the PCHB for further fact-finding. The trial court denied the motion and granted Ecology's motion to certify the case for direct review by this court.

We hold that (1) Kauzlarich cannot raise arguments regarding PCHB's treatment of Pearch as an expert witness for the first time on appeal, (2) the PCHB did not err in granting summary judgment in favor of Ecology and affirming the AO ordering Kauzlarich to decommission the well, and (3) the trial court did not err when it declined to remand the case to the PCHB for additional fact-finding in light of the Bland declaration.

Accordingly, we affirm the PCHB's grant of summary judgment in favor of Ecology.

FACTS

*Background*

Puget Sound Power & Light (PSE) constructed the Lake Tapps Reservoir Project in 1910 to divert water to use for hydroelectricity. In 1954, PSE conveyed most of the land around the Reservoir to the Lake Tapps Development Corporation (LTDC). PSE maintained ownership of the land and the lake bed below a designated elevation. Cascade Water Alliance (Cascade), a municipal corporation, succeeded PSE in ownership of the Lake Tapps property.

Kauzlarich lives on property adjacent to both the Lake Tapps and a Cascade-owned parcel. Around 2005, Kauzlarich constructed a well. The well is located six to 10 feet from the

Lake Tapps bulkhead. It is a dug well, which means that it was constructed by digging a hole in the ground using hand tools or other means before installing the well casing. The well is about 12 feet deep, has PVC casing, and lacks a surface seal.

Kauzlarich thought that he dug the well on his property. However, the well actually is located on Cascade's property.

In January 2017, Kauzlarich submitted a request for a waiver of the Bonney Lake Municipal Code so that he could use his well as a geothermal heat source and for irrigation. The City denied Kauzlarich's request.

The Tacoma-Pierce County Health Department and the City of Bonney Lake subsequently contacted Ecology with questions about Kauzlarich's well. They sent Ecology photos of Kauzlarich's well and the surrounding area. Ecology determined that Kauzlarich's well casing was surrounded by disturbed native soil, that he did not use approved casing material, and that the top of the well sat below ground level.

In July 2017, Ecology sent Kauzlarich a letter notifying him that his well was improperly constructed and was in violation of several laws and rules. Specifically, Ecology stated that (1) Kauzlarich had constructed a well without submitting a notice of intent and paying the required fee, (2) the well did not have a proper surface seal and native soil existed outside the casing, (3) the top of the well sat below ground level, (4) Kauzlarich failed to submit a well report to Ecology within 30 days of completion of the well, and (5) Kauzlarich did not receive a permit from local authorities to approve the well site.

Ecology notified Kauzlarich that they considered the well to be an environmental, safety, and public health hazard that should not be used for any purpose. Ecology ordered Kauzlarich to

3

hire a licensed driller to decommission the well within six months. Kauzlarich apparently took no action.

On October 11, 2017, Ecology issued an AO requiring Kauzlarich to decommission his well. Ecology attached to the order a list of 16 licensed well drillers in Pierce County. They ordered Kauzlarich to contact one of those drillers, who would then submit a decommissioning plan to Ecology for their review within 30 days.

Kauzlarich subsequently appealed the AO to the PCHB.

*Appeal to PCHB*

In June 2019, Ecology filed a motion for summary judgment to the PCHB. In support, Ecology submitted a declaration from Pearch. Pearch is a licensed hydrogeologist for Ecology's Southwest Regional Office. He has worked there as a well construction coordinator for the last 10 years. In his declaration, Pearch explained that he spoke with Kauzlarich and reviewed materials provided to Ecology by the Tacoma-Pierce County Health Department, the City of Bonney Lake, and Cascade during the course of his investigation of the well. Pearch determined that Kauzlarich's well likely would need to be decommissioned because of the well's shallow depth and close proximity to Lake Tapps.

Regarding the possibility of repairing the well, Pearch stated that it would be highly unlikely that a licensed driller would agree to repair the well because the driller would assume responsibility for all problems with the well. Pearch concluded, "[M]y technical judgment is that repairing or altering Mr. Kauzlarich's well is not a practical solution." Admin. Rec. (AR) at 48.

Kauzlarich submitted a declaration in response to Ecology's motion for summary judgment. He explained that he had contacted a person named "Boyd" at Richardson Well Drilling Company. Boyd proposed a method to repair the well, and included details about how it

4

could be done. However, Boyd did not provide a cost estimate or state that he was willing to repair the well. Kauzlarich did not submit a sworn declaration from Boyd.

Kauzlarich also filed a motion for partial summary judgment regarding ownership of the property where the well is located. He argued that he adversely possessed the property where he dug the well, and thus that he did not violate RCW 18.104.180 (which states that a person may construct a well on land that they own). In the alternative, he argued that if the well was not on his property, he should not be held responsible for decommissioning it.

Ecology argued that the PCHB lacked jurisdiction to adjudicate real property disputes. Ecology also claimed that Kauzlarich should be responsible for decommissioning the well regardless of who owns the property because he is a well owner or operator under RCW 18.104.020.

In July 2019, PCHB submitted its final order on the parties' motions for summary judgment. The PCHB granted Ecology's summary judgment motion, denied Kauzlarich's summary judgment motion, and affirmed Ecology's AO.

On Ecology's summary judgment motion, the PCHB ruled that: (1) Kauzlarich violated RCW 18.104.055 by failing to submit a notice to Ecology before constructing his well; (2) Kauzlarich violated WAC 173-160-231 and WAC 173-160-291(1) by constructing a well without a proper surface seal and with casing that does not extend at least six inches above the ground surface; (3) Kauzlarich violated RCW 18.104.050 and WAC 173-160-141 by failing to submit a well report within 30 days of completion of construction of his well; and (4) Ecology was justified in ordering Kauzlarich to decommission his well because it was an environmental and public health hazard.

On the issue of decommissioning the well and Kauzlarich's right to repair it, the PCHB noted Kauzlarich's conversation with Boyd. However, it ruled that their decision could not be based exclusively on hearsay evidence, especially because it would unduly limit the parties' opportunities to confront witnesses and rebut evidence under RCW 34.05.461(4). The PCHB concluded that Kauzlarich's declaration alone was insufficient to rebut the Pearch declaration on the practicality of repairing the well.

On Kauzlarich's summary judgment motion, the PCHB agreed that Ecology did not have jurisdiction to hear real property disputes and declined to address Kauzlarich's adverse possession argument.

*Appeal to Superior Court*

Kauzlarich appealed the PCHB's decision to the superior court. No material action occurred on the case until May 2022, when Ecology submitted a motion to dismiss the appeal for want of prosecution. Ecology also moved to certify the appeal to the Court of Appeals, pursuant to RCW 34.05.518. Kauzlarich opposed the motion to certify the appeal to the Court of Appeals and stated that he planned to request that the matter be remanded to the PCHB for additional fact finding. He also filed a declaration from himself and from Christian Bland.

In his declaration, Kauzlarich explained that he had been unable to get a statement from a well driller in Pierce County who would support his claim that his well could be repaired. He said that he called multiple licensed well drillers in Pierce County. Kauzlarich speculated that perhaps no licensed well drillers in Pierce County were willing to speak to him because they might be afraid to go against Ecology.

6

Kauzlarich stated that he found Bland, the vice president of a licensed driller in Oregon, who indicated that he would be able to repair his well. He requested that the trial court remand the case to the PCHB to consider the new evidence.

In his declaration, Bland said that he had looked at photos of Kauzlarich's well, the well report of a nearby well, and information on the Washington Ecology Well Construction & Licensing website. Based on his training, experience, and the aforementioned data, he believed that it was possible to repair Kauzlarich's well. The trial court subsequently set October 28 as the deadline for filing a motion to remand. Kauzlarich missed the deadline, and later filed a motion for an extension to file a motion to remand to the PCHB for consideration of new evidence. He then filed the motion to remand. The trial court denied the motion to extend time, denied a motion to supplement the record, and transferred the case to this court.

Kauzlarich appeals the PCHB's order requiring him to decommission his well.

ANALYSIS

A.    STANDARD OF REVIEW

We review PCHB decisions under the Administrative Procedure Act (APA), chapter 34.05 RCW. RCW 34.05.510; *Puget Soundkeeper All. v. Dep't of Ecology*, 191 Wn.2d 631, 637, 424 P.3d 1173 (2018). Our review is limited to the record before the PCHB. *Id*.

Under the APA, we may grant relief from an agency's order based on the reasons listed in RCW 34.05.570(3). Specifically, we must grant relief if we find that an agency order is based on an erroneous interpretation or application of the law. RCW 34.05.570(3)(d). The party challenging the agency's decision has the burden of demonstrating the invalidity of that decision. RCW 34.05.570(1)(a).

When the administrative decision was on summary judgment, we must overlay the APA and summary judgment standards of review. *Waste Mgmt. of Wash., Inc. v. Wash. Utils. and Transp. Comm'n*, 24 Wn. App. 2d 338, 344, 519 P.3d 963 (2022), *review denied*, 1 Wn.3d 1003 (2023). We review the ruling de novo and construe the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Id.*

We review de novo questions of law, statutory construction, and an agency's application of the law. *Puget Soundkeeper*, 191 Wn.2d at 637.

B.     CHALLENGE TO PCHB TREATMENT OF PEARCH AS EXPERT

For the first time on appeal, Kauzlarich argues that the PCHB erred in accepting Pearch as an expert. Because Kauzlarich failed to challenge Pearch as an expert before the PCHB, we decline to address the issue.

RCW 34.05.554(1) states that "[i]ssues not raised before the agency may not be raised on appeal." The purpose of this rule is to protect the integrity of the administrative process. *B&R Sales, Inc. v. Dep't of Lab. & Indus.*, 186 Wn. App. 367, 381, 344 P.3d 741 (2015). And we generally do not consider arguments raised for the first time on appeal. RAP 2.5(a); *Samra v. Singh*, 15 Wn. App. 2d 823, 838, 479 P.3d 713 (2020).

Because Kauzlarich did not raise the issue of Pearch as an expert before the PCHB, we decline to address the issue.

C.     PCHB'S AUTHORITY TO ORDER DECOMMISSIONING

Kauzlarich argues that Ecology lacked authority to order him to decommission the well. We disagree.

1.    Legal Principles

Under RCW 18.104.040(7), Ecology has the authority to "require [a] well owner to repair or decommission any well . . . (b) that is an environmental, safety, or public health hazard." And under RCW 18.104.065(1), Ecology "may order a well contractor or well operator to repair, alter, or decommission a well if the department demonstrates that the construction of the well did not meet the standards for well construction in effect at the time construction of the well was completed." Finally, Ecology's regulations state that any well which is "an environmental, safety, or public health hazard shall be decommissioned." WAC 173-160-381.

WAC 173-160-231 requires that all constructed water wells must contain a surface seal and provides specifications. WAC 173-160-261 also provides detailed specifications on how to construct surface seals on a dug well. Further, WAC 173-160-291 provides that the top of the well casing must be six inches above the ground surface.

2.    Well in Violation

Here, it is undisputed that the well did not "meet the standards for well construction in effect at the time construction of the well was completed." RCW 18.104.065(1). The well did not contain a surface seal. The well casing was not six inches above ground level. Kauzlarich acknowledges these defects. In addition, Pearch opined that in his technical judgment, the well "constitutes an environmental and public health hazard and must be decommissioned." AR at 47. This is because without a surface seal, contaminated surface water can travel down the side of the well and contaminate groundwater. And placing the well casing below ground surface risks that contaminated surface water will get inside the well and travel to the groundwater.

Therefore, we conclude that Ecology had the authority to order decommissioning of the well.

3.    Decommissioning vs. Repair

Kauzlarich's primary argument is that Ecology should have ordered him to repair the well rather than decommission it. Kauzlarich argues that Boyd's hearsay statements about repairing the well created a question of fact whether decommissioning was appropriate. We disagree.

a.    Legal Principles

The APA contains the following provision for the admission of evidence at administrative hearings: "Evidence, including hearsay evidence, is admissible if in the judgment of the presiding officer it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs." RCW 34.05.452(1). However, with regard to hearsay evidence specifically, the APA states:

> Findings shall be based on the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs. Findings may be based on such evidence even if it would be inadmissible in a civil trial. However, the presiding officer *shall not* base a finding *exclusively* on such inadmissible evidence *unless* the presiding officer determines that doing so would not unduly abridge the parties' opportunities to confront witnesses and rebut evidence.

RCW 34.05.461(4) (emphases added).

> The regulations that are specific to the PCHB contain similar provisions:

> Evidence, including hearsay evidence, is admissible if in the judgment of the presiding officer it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs. All relevant evidence is admissible which, in the opinion of the presiding officer, is the best evidence reasonably obtainable, having due regard for its necessity, availability and trustworthiness. In passing upon the admissibility of evidence, the presiding officer shall give consideration to, but shall not be bound to follow, the rules of evidence governing civil proceedings in matters not involving trial by jury in the superior courts of the state of Washington.

WAC 371-08-500(1).

We review the PCHB's evidentiary rulings for abuse of discretion. *Port of Seattle v. Pollution Control Hr'gs Bd.*, 151 Wn.2d 568, 642, 90 P.3d 659 (2004). "The law gives considerable discretion to administrative law judges to determine the scope of admissible evidence." *Univ. of Wash. Med. Ctr. v. Dept. of Health*, 164 Wn.2d 95, 104, 187 P.3d 243 (2008). Discretion is abused if the decision is exercised on untenable grounds or for untenable reasons, or is otherwise manifestly unreasonable. *Bayley Constr. v. Dep't of Labor & Indus.*, 10 Wn. App. 2d 768, 795-96, 450 P.3d 647 (2019).

  b.   Consideration of Hearsay Statements

Initially, it is unclear whether the PCHB refused to consider the hearsay statements from Boyd as Kauzlarich suggests. The PCHB acknowledged that hearsay was admissible, but also noted that a judicial finding cannot be based exclusively on hearsay evidence. The court then concluded that Kauzlarich's declaration was "insufficient to rebut Ecology's expert testimony on the practicality of repairing the well." AR at 196-97.

To the extent that the PCHB did not consider Boyd's hearsay statements, we cannot conclude that this decision was manifestly unreasonable. As noted above, hearsay evidence is admissible if "it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs." WAC 371-08-500(1). Boyd's statements were not made under oath and resulted from informal conversations with Kauzlarich. A reasonably prudent person arguably might not rely upon such informal information in the conduct of their affairs – determining whether a repair could be accomplished. Further, Boyd did not give a bid or say that Richardson Drilling was willing to perform the work. A reasonably prudent person arguably might not rely on Boyd's information without some commitment that the work would be done.

Finally, RCW 34.05.461(4) states that the Board generally cannot base a finding exclusively on inadmissible evidence.

The standard of review for evidentiary matters is abuse of discretion. *Port of Seattle*, 151 Wn.2d at 642. We conclude that the PCHB did not abuse its discretion to the extent that it declined to consider the hearsay statements in Kauzlarich's declaration.

> c. Sufficiency of Hearsay Statements

To the extent that the PCHB considered the hearsay statements but discounted them, the question is whether the statements were sufficient to create a genuine issue of fact. Ecology submitted Pearch's opinion that repair was impractical:

> In my experience, it is unlikely that a licensed driller would elect to deepen the existing excavation because the fill materials behind the bulkhead could become unstable. This would pose technical challenges for well construction. It is also unlikely a licensed driller would use the existing excavation when it was first excavated by an unlicensed person. This is because the driller would assume responsibility for construction problems that may arise at the well. It is likely that Mr. Kauzlarich's well would need to be decommissioned, and a new well would need to be constructed with a new bore hole being drilled. Thus, my technical judgment is that repairing or altering Mr. Kauzlarich's well is not a practical solution.

AR at 48.

Significantly, Kauzlarich did not rebut this opinion. Boyd did not say that Richardson Drilling was willing to actually repair the well. He did not provide a work plan or estimate. Boyd just suggested that a repair technically could be done. Therefore, there was no evidence that a licensed driller was willing and able to repair the well.

We conclude that the PCHB did not err in ruling that the hearsay statements were insufficient to create a genuine issue of material fact.

d. Ecology Discretion

The final part of the analysis involves Ecology's discretion. The PCHB expressly deferred to Ecology's discretion in deciding whether to decommission or repair.

Under RCW 18.104.065(1), Ecology "*may* order a well contractor or well operator to repair, alter, or decommission a well if the department demonstrates that the construction of the well did not meet the standards for well construction in effect at the time construction of the well was completed." (Emphasis added.) In other words, the legislature granted Ecology the discretion to decide – in its expertise – whether to decommission or repair a well that is not up to standards. Kauzlarich may disagree with the decision. But he has not shown that the decision to decommission was an abuse of Ecology's discretion.

e. Well on Another's Property

Kauzlarich argues that even if Ecology had authority to order decommissioning of the well, it had no authority to order *him* to decommission the well because it was located on Cascade's property. We disagree.

RCW 18.104.020(16) defines "well owner" as a person "who owns the property on which the well is or will be constructed or has the right to the well by means of an easement, covenant, or other enforceable legal instrument for the purpose of benefitting from the well." A well "operator" is "a person who (a) is employed by a well contractor; (b) is licensed under this chapter; or (c) who controls, supervises, or oversees the construction of a well or who operates well construction equipment." RCW 18.104.020(15).

Kauzlarich is not a well owner – the well is not located on his property – and he does not have an easement to use Cascade's property. Therefore, the issue is whether Kauzlarich is properly considered a well operator under the statute.

We conclude that Kauzlarich is a well operator as defined in RCW 18.104.020(15)(c). He controlled, supervised, and oversaw the construction of the well, and operated well construction equipment to dig the well. Because Kauzlarich is a well operator, Ecology had authority under RCW 18.104.065(1) to order him to decommission the well.

Kauzlarich argues that, while it is true that he was an operator when he constructed the well, he no longer is an operator. He argues that the statute is written in the present tense, which means that because Kauzlarich is not presently constructing the well, he is not an operator as defined by the statute.

This argument is not persuasive. If we adopted Kauzlarich's definition of "operator," then all well operators would escape liability as soon as they completed construction of any well. Such a reading undercuts the legislative intent that well operators be liable for their work after they complete construction. *See* RCW 18.104.065(2) (limiting the time period during which Ecology may order a well operator to decommission a well if it did not meet standards for well construction in effect at the time construction was completed).

Kauzlarich also argues that WAC 173-160-381 is invalid because it conflicts with RCW 18.104.040(7)(b). He claims that RCW 18.104.040(7)(b) grants Ecology discretion to order wells decommissioned or repaired if they are an environmental, safety, or public health hazard. In contrast, WAC 173-160-381 mandates decommissioning a well that is deemed to be such a hazard.

We need not address this argument because Ecology clearly had statutory authority to order decommissioning under RCW 18.104.040(7) and RCW 18.104.065(1). Under those statutes, Ecology had the authority and the discretion to order that Kauzlarich's well be decommissioned.

14

Based on the analysis in all the above sections, we conclude that Ecology had authority to order Kauzlarich to decommission his well.

D.      FAILURE TO REMAND FOR NEW EVIDENCE

Kauzlarich argues that the trial court should have remanded the case to the PCHB to consider the Bland declaration as new evidence.  We disagree.

1.    Legal Principles

RCW 34.05.562(2)(b) states that the trial court "*may* remand a matter to the agency" to conduct additional fact-finding if (1) "new evidence has become available that relates to the validity of the agency action at the time it was taken, that one or more of the parties did not know and was under no duty to discover or could not have reasonably been discovered until after the agency action" and (2) "the interests of justice would be served by remand to the agency." (Emphasis added).

We review the trial court's denial of a motion to supplement the record under RCW 34.05.562 for abuse of discretion.  *Ctr. for Biological Diversity v. Dep't of Fish & Wildlife*, 14 Wn. App. 2d 945, 964, 474 P.3d 1107 (2020).

2.    Analysis

In October 2017, Ecology sent the AO to Kauzlarich ordering him to decommission his well.  Ecology included in its AO a list of 16 licensed well drillers in Pierce County to whom Kauzlarich could reach out about the well.  There is no evidence that Kauzlarich contacted any of the drillers on Ecology's list within 30 days, as required by the AO.  The PCHB issued its order affirming Ecology's AO in July 2019.  Kauzlarich did not submit the Bland declaration until July 2022, almost five years after Ecology issued its AO and three years after PCHB affirmed it.

15

Kauzlarich had a duty to discover relevant information related to Ecology's AO in a timely fashion. And he could have reasonably discovered the information before the PCHB affirmed Ecology's action. Instead, he waited for several years to submit the Bland declaration.

For that reason, he fails to meet the requirements of RCW 34.05.562(2)(b). Accordingly, we hold that the trial court did not abuse its discretion when it did not remand this matter to the PCHB.

E.      FAILURE TO JOIN CASCADE IN ORDER

Kauzlarich argues that Ecology should have joined Cascade in its AO because Cascade owns the property on which the well sits. Ecology argues that Kauzlarich has improperly raised this issue for the first time on appeal. RCW 34.05.554. We agree with Ecology, and refrain from addressing this issue.

F.      ATTORNEY FEES

Kauzlarich argues that we should award him attorney fees and costs under RCW 4.84.350(1) because the Board's summary judgment order was not substantially justified. We deny Kauzlarich's request for attorney fees.

RCW 4.84.350(1) provides that

Except as otherwise specifically provided by statute, a court shall award a qualified party *that prevails in a judicial review of an agency action* fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust.

(Emphasis added). Kauzlarich is not the prevailing party. Accordingly, we deny Kauzlarich's request for attorney fees.

CONCLUSION

We affirm the PCHB's grant of summary judgment in favor of Ecology.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
CRUSER, A.C.J.

_____
VELJACIC, J.